# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLARD J. TYGRETT,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1025**  (BOR Appeal No. 2045449)
                              (Claim No. 2009079132)

**PROCESS CONSTRUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Willard J. Tygrett, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Process Construction, Inc., by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2011, in which the Board affirmed a December 21, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 26, 2010, decisions denying requests for epidural injections, Percocet, and a neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tygrett was employed with Process Construction, Inc. when he was injured while at work on January 8, 2009. The claim was held compensable for a lumbar sprain/strain. On June 23, 2009, Dr. Guberman found that Mr. Tygrett had reached maximum medical improvement, and that no further treatment or testing is likely to improve his condition. The claims administrator on July 26, 2010, denied requests for epidural injections, authorization for Percocet, and a neurosurgery consultation.

1

The Office of Judges affirmed the claims administrator's decisions, and held that the requested medical benefits were not medically related and reasonably required medical treatment for the compensable injury. Mr. Tygrett disagrees and asserts that the opinion of Dr. Zahir, as the treating physician, is the most relevant, credible, material, and reliable medical evidence of record and because he requests the epidural injections, Percocet, and a neurosurgeon consultation, the benefits should be authorized. Process Construction maintains that the requested benefits are for a condition unrelated to the compensable lumbar sprain.

The Office of Judges held that the requests for epidural injections, authorization for Percocet, and a neurosurgery consultation were not related to the compensable injury in this claim. It noted that the preponderance of the evidence established that Mr. Tygrett had been at maximum medical improvement since June 23, 2009, and Dr. Guberman had at that time found that no further treatment would be likely to improve his condition. The Office of Judges noted signs of symptom magnification present in the evidence, and found that the requested medical benefits were attributable to symptom magnification and non-compensable conditions. Thus, it concluded that the requests were properly denied. The Board of Review reached the same reasoned conclusions in its decision of June 7, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Benjamin concurs with the majority except that he would reverse and remand on the specific issue of a neurosurgeon consultation.